UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TANESHA TAYLOR,                       )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )   No. 3:21-CV-61-TRM-DCP
                                      )
OFFICER MCINTOSH,                     )
                                      )
        Defendant.                    )

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed *In Forma Pauperis* ("Application") [Doc. 1]. The undersigned files this Report and Recommendation for the District Judge to whom this case is assigned. For the reasons more fully stated below, the Court finds that Plaintiff shall be allowed to file her Complaint without prepayment of costs, but the Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim of relief.

I.      FILINGS AND ALLEGATIONS

Plaintiff has filed an Application with the required detailing of her financial condition. [Doc. 1]. The Application demonstrates that Plaintiff has little income and few assets.

In her Complaint, Plaintiff states that she would like to file a civil rights lawsuit against Officer McIntosh, an officer with the Johnson City Police Department. For grounds, Plaintiff states that she was attacked and unlawfully detained by three male officers without a female officer present. She states that she was charged with aggravated assault, resisting arrest, and identity theft. Prior to these charges, she did not have a criminal record. She claims that false statements were made against her. She states that she recorded the attack and posted the video on her YouTube channel. She claims Officer McIntosh and two other offices attacked her on August 19, 2020.

Plaintiff also attached a copy of her indictment, which was filed on November 5, 2019. The indictment states that Plaintiff was charged with aggravated assault, theft of property, and resisting arrest on August 19, 2019.

The Complaint further alleges that Plaintiff is facing charges for violating her probation based on someone lying about her. She states that prior to these charges, she was in the process of getting her child back in juvenile court in Carter County, Tennessee. Plaintiff states that she did not have a fair trial and that her former attorney, who handled her juvenile case and her criminal charges, never set a court date so that she could began visiting her child, nor helped with the criminal case. Plaintiff states that she has civil rights, and she would like a fair trial. Plaintiff alleges that her former attorney is stealing from her (Plaintiff) by taking payments without performing his job.

## II. ANALYSIS

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The purpose of the statute is to ensure that indigent litigants have meaningful access to the courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). To accomplish this end, a court must evaluate the litigant's indigence, but notwithstanding indigence, a court may *sua sponte* dismiss a matter under 28 U.S.C. § 1915(e)(2)(B).

The Court will address the indigence and merits components of 28 U.S.C. § 1915 in turn.

### A. Indigence

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25 (1992). The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990) (observing that the

"the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter."). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the plaintiff show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a)(1). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

In the present case, Plaintiff's Application and economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*, and it appears to the Court that Plaintiff's Application sets forth grounds for so proceeding. Accordingly, the Application to Proceed *In Forma Pauper* [**Doc. 1**] is **GRANTED**. The Clerk is **DIRECTED** to file the Complaint in this case without prepayment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

**B.     Merits**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if the complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[t]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does

a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 555 U.S. at 557).

In the present matter, the Court recommends that Plaintiff's Complaint be dismissed for failure to state a claim of relief. First, the Court construes Plaintiff's claim that she was attacked by three officers as an excessive force claim. "The Fourth Amendment of the United States Constitution protects a person from being subject to excessive physical force during the course of an arrest, a booking, or other police seizure." *Malory v. Whiting*, 489 F. App'x 78, 82 (6th Cir. 2012) (citing *Drogosch v. Metcalf*, 557 F.3d 372, 378 (6th Cir. 2009)); *see Graham v. Connor*, 490 U.S. 386, 394 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment."). The determination of whether an officer exerted excessive force during the course of an arrest is determined under an "objective reasonableness" standard. *Id.* at 396–97.

In the instant matter, Plaintiff simply states that she was attacked by three male officers without a female officer present. This naked assertion is devoid of any facts. Plaintiff directed the Court to a "video of a video" of the alleged attack that she posted on YouTube, which the Court has reviewed. *See Nixon v. Wilmington Trust Co.*, 543 F.3d 354, 357 n.2 (6th Cir. 2008) (noting a court may consider a document not formally incorporated by reference in a complaint when the complaint refers to the document and the document is central to the claims." However, the video is not helpful to Plaintiff's case. Specifically, the only remarkable event on the video is that at approximately fifty-seven (57) seconds into the video, there appears to be sudden movement (it is not clear who makes the sudden movement), and an officer(s) places Plaintiff on the ground.

Without additional facts, the Court cannot find Plaintiff has plausibly stated a claim for excessive force.

Plaintiff also claims that she was unlawfully detained. "Federal courts have recognized that claims for false arrest or detention are cognizable under the Fourth Amendment . . . which prohibits unreasonable searches and seizures." *Robinson v. Genesee Cty. Jail*, No. 20-13189, 2020 WL 7338577, at *2 (E.D. Mich. Dec. 14, 2020) (internal quotations omitted). To establish a false arrest claim, however, plaintiff must show that the arresting officer lacked probable cause. *Id.*

Here, Plaintiff asserts in a conclusionary fashion that she was unlawfully detained and later in her Complaint, she claims that false statements were made against her. She does not explain the content of the false statements, who made the false statements, and whether the false statements resulted in her arrest. Accordingly, Plaintiff has not plausibly pled a claim for unlawful detention.

Finally, Plaintiff claims that she did not receive a fair trial in juvenile court and that her former attorney did not help her obtain visitation rights with her child. Without additional facts, the Court lacks subject matter jurisdiction on such allegations. See *Harris v. Juv. Ct. Saint Paul Minnesota*, No. CV 16-4007 (DWF/BRT), 2017 WL 1102850, at *1 (D. Minn. Feb. 8, 2017), (recommending plaintiff's allegations contesting child-custody proceedings be dismissed because federal courts do not have jurisdiction over child custody issues and for failure to state a claim because the complaint did not establish the violation of any specific legal right), *report and recommendation adopted*, 2017 WL 1102689 (D. Minn. Mar. 23, 2017)). Plaintiff further alleges that her former attorney did not help her with her criminal case and that the attorney took Plaintiff's money without "doing his job." [Doc. 2 at 2]. Again, such allegations without any facts do not state a claim of relief or invoke the jurisdiction of this Court.

## III.  CONCLUSION

For the reasons set forth above, Plaintiff's Application to Proceed *In Forma Pauperis* [**Doc. 1**] is well taken, and the same is **GRANTED**. The Clerk is **DIRECTED** to file the Complaint in this case without prepayment of costs or fees. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[1] because it is **RECOMMENDED**[2] that the Complaint [**Doc. 2**] be **DISMISSED**.[3]

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[1] This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of *Gibson*, 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[3] Should this case proceed, the undersigned recommends that the Court consider transferring this case to the Greeneville Division as the alleged conduct occurred in Johnson City, Tennessee, and Defendant is an officer with the Johnson City Police Department. There does not appear to be any connections with Knoxville, Tennessee. *See* 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").